IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID WAYNE HALL,<br>    Plaintiff | * |
| | *    CIVIL ACTION NO. WMN-15-1008 |
| V. | * |
| J. MICHAEL STOUFFER, | * |
|    Defendant | |
| | ****** |

MEMORANDUM AND ORDER

Pending is a Motion to Dismiss, or in the Alternative, for Summary Judgement, filed on behalf of defendant J. Michael Stouffer. ECF 11. Plaintiff David Wayne Hall has responded. ECF 13. Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the dispositive motion will be denied and counsel shall be appointed for Hall.

On April 9, 2015, Hall, a Maryland inmate, currently incarcerated in the Augusta Correctional Center in Craigsville, Virginia, filed a self-represented complaint, alleging that he has been denied access to Maryland legal materials. Specifically, Hall states that he is a Maryland state prisoner who has been housed within the Virginia Department of Corrections since October 20, 1999, pursuant to an Interstate Corrections Compact ("ICC"). Hall states that he has been confined at the Augusta Correctional Center since May 25, 2012.

Hall was convicted in the Circuit Court Baltimore County of several felonies in 1991. He was sentenced in 1992 to a life term of incarceration, plus fifteen years and committed to the custody of the Maryland Division of Correction. Subsequently, in exchange for Hall's testimony regarding other matters, the State of Maryland promised Hall that he would not be housed at the same institution as two named defendants; would be placed in a medium security prison on long

1

term or permanent protective custody; would be assigned a single cell; would receive all privileges, benefits and accommodations as other general population inmates and Assistant State's Attorney for Anne Arundel County John LeCornu would make part of "the official record" a letter detailing Hall's extensive assistance, the hardship he suffered as state's witness, with the intent that the letter would be viewed favorably by the Maryland Parole Commission. Hall maintains that the State of Maryland has failed to honor its commitment other than LeCorno writing a letter which has become part of the "official record."

Hall states that he wishes to challenge his state criminal convictions and Maryland's parole procedures. He indicates that he is parole eligible and notes that he had his first parole hearing in July of 2006 and has had parole reviews in 2008, 2010, 2012, and 2014. He further indicates that he wishes to challenge in court Maryland's parole procedures and the manner in which they are applied to him. Additionally, he states that he seeks to challenge his Maryland criminal conviction "via a petition for writ of habeas corpus, a motion to vacate, or by such other vehicle as Maryland law may provide." In order to mount those challenges, Hall avers, and the record supports, that he has repeatedly attempted to obtain access to Maryland laws, policies, and procedures, but to no avail. Those efforts included unsuccessful submissions to the Legal Assistance to State Institutions (LASI) service, the Maryland Attorney General, the Maryland Office of the Public Defendant, and Virginia's Institutional Attorney.

Defendant has previously filed a motion to dismiss, or in the alternative, for summary judgment. ECF 4. In that motion, Defendant asserted, inter alia, that ICC inmates are provided a copy of a "handbook for Maryland inmates housed out of state under the ICC and intergovernmental agreements." that explains how inmates are to request legal materials. Defendant maintained that Hall failed to utilize those procedures. Hall, however, denied ever

receiving the handbook.  Defendant also asserted that Hall failed to exhaust his administrative remedies prior to bringing this action and pointed to the same handbook that Hall asserts he never received as the means through which inmates were informed about the requisite grievance procedures.

The Court denied that motion, without prejudice, subject to renewal and supplementation.  ECF 8.  Specifically, the Court required Defendant to address, at a minimum, the following:

1. Whether Hall actually received the "handbook for Maryland inmates housed out of state under the ICC and intergovernmental agreements;"

2. Provide any documentation indicating Hall's receipt of the handbook;

3. Whether Hall's efforts to grieve his lack of legal materials through Virginia satisfied the exhaustion requirement; and

4. Provide all records concerning Hall's LASI requests and any responses thereto.

Id. at 3.

The Court finds that Defendant's supplemented motion is still insufficient to support the entry of summary judgment as there remain significant disputes of material fact.  As to the handbook, Defendant acknowledges that no documentation has been located to show that Hall received it.  ECF 11-1 at 2.  Despite that acknowledgment, Defendant continues to point to the handbook to support the argument that Plaintiff was aware of and understood the process for obtaining access to Maryland legal materials and that he was made aware of the appropriate grievance procedures.  Id. at 13, 23.  Regarding responses to Hall's LASI requests, Erica Grover, the Policies and Procedures Manager for Maryland Correctional Enterprises, the entity the responds to inmate requests for legal materials, stated that she was unable to locate any LASI requests submitted by Hall or any response thereto.  Id. at 3.

Responses to Hall's requests for legal materials that are in the record demonstrate a lack of any real assistance. For example, in response to Hall's request for several specific Maryland Rules, a correspondence from LASI to Hall dated November 9, 2010, stated in its entirety, "[y]ou requested MD Rule 2-231 through 2-241, 2-501 through 2-551, 2-601 through 2-652, 3-401 through 3-431 we cannot violate copyright laws by photocopying an entire book for you. Thank you." ECF 4-2 at 28. In Defendant's first motion, Defendant represented that "LASI will send the inmate up to 100 pages of legal documents per request form. If the request is beyond the maximum pages allowed, the librarian will ask the inmate to narrow the search rather than provide the entire set of rules." In the pending motion, Defendant is critical of Hall for not submitting a narrower request after "LASI denied this voluminous request." ECF 11-1 at 15. LASI's November 9, 2010, response, however, neither informed Hall of any 100 page limitation nor did it suggest that he should submit a narrower request. The Court also notes that fulfilling this "voluminous request" would have involved the copying of less than 50 pages of the Maryland Rules.

Defendant also suggests that Hall was provided meaningful access to the courts through representation from the Office of the Public Defender. While Hall contacted the Office of the Public Defender and received assurances that it would provide him assistance, the record does not demonstrate that any actual assistance was given. While the Office of the Public Defender informed Hall of some of the Maryland rules and statutes relevant to the legal challenges Hall wished to mount, there is nothing in the record that demonstrates that the Office actually provided Hall with any of those legal materials.

As for Hall's exhaustion of administrative remedies, Hall was told that, as an inmate housed in Virginia under the ICC agreement, he was required to utilize Virginia's grievance

process. Hall submitted grievances through several levels of the Virginia grievance procedures and, at each level, was told to contact Maryland. The Court is satisfied that Hall has exhausted the available administrative remedies.

On the current record, it appears that Hall has been prevented from challenging his state court conviction, actions relevant to his parole status, as well as the validity of his ICC transfer. Given Hall's pro se status and what appears to be a wholesale denial of access to Maryland legal materials, the Court cannot say on the record before it whether Hall could articulate a non-frivolous claim in regard to any actual injury he suffered by being denied the opportunity to meaningfully pursue these challenges. Hall is hampered in articulating the underlying challenges he would mount because of his lack of access to Maryland legal materials. Thus, he is in a "Catch-22" in terms of advancing his access to court claim and fully articulating any actual injury suffered. As such, summary judgment shall be denied and counsel shall be appointed to assist Hall.

Accordingly, IT IS this 16th day of February, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motion for Summary Judgment (ECF 11) IS DENIED;

2. The Clerk IS DIRECTED to take all necessary steps to locate a member of the Maryland Bar who is a member of this court to represent Mr. Hall, pro bono, in the above-entitled action;

3. A copy of this Memorandum and Order SHALL BE PROVIDED to David Ciambruschini to facilitate appointment of counsel;

4. Appointed counsel SHALL PROMPTLY review the pleadings, amend the complaint as appropriate, contact opposing counsel regarding the duration of discovery, and file

   a status report within 45 days of appointment;

5.  Within 30 days of the date appointed counsel files a status report, the parties SHALL COMMENCE DISCOVERY;

6.  Counsel SHALL FILE a status report at the time discovery is commenced advising of the expected date of completion of discovery, the probability of settlement, and the expected duration of trial; and

7.  The Clerk SHALL TRANSMIT a copy of this Memorandum and Order to Mr. Hall and counsel of record.

```
             /s/
```
William M. Nickerson
Senior United States District Judge